UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X
PRO PUBLICA, INC.,

                 Plaintiff,

                 **COMPLAINT**

   - against –

UNITED STATES DEPARTMENT OF       CIVIL ACTION NO.:
THE TREASURY,                                   19-CV-3407

                 Defendant.
----------------------------------------X

Plaintiff PRO PUBLICA, INC., ("ProPublica"), by its undersigned attorney, alleges for its Complaint:

    1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records from Defendant United States Department of the Treasury ("Treasury"), in response to FOIA requests properly made by Plaintiff.

    2.    The records sought here all relate to the passage and implementation of the Tax Cuts and Jobs Act ("TCJA"), signed into law December 22, 2017.  *See* Public Law 115-97.  The TCJA significantly altered the federal tax code, and its provisions are having and will have significant consequences for the national economy and the tax bills of millions of Americans.

## PARTIES

    3.    Plaintiff ProPublica is a non-partisan newsroom based in New York.  It is a Delaware non-profit corporation, and is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code.  As an independent news organization dedicated to producing

investigative journalism in the public interest, it has been honored with numerous awards, including five Pulitzer Prizes.  ProPublica publishes its reporting through its website, www.propublica.org, and in partnership with more than 180 news organizations across the country, including The New York Times, The Washington Post, Politico, NPR News, The Miami Herald, The New Yorker, The Boston Globe, The Los Angeles Times, and Frontline.  ProPublica is headquartered in this judicial district at 155 Avenue of the Americas, 13th Floor, New York, New York 10013.

      4.      Defendant Treasury is an agency of the federal government that has possession and control of the records that Plaintiff seeks.  It is headquartered at 1500 Pennsylvania Ave. NW, Washington, D.C. 20220.

## JURISDICTION AND VENUE

      5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

      6.      Venue is premised on the place of business of Plaintiff and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

      7.      Plaintiff has exhausted all administrative remedies available.  An agency must make and communicate its determination whether to comply with a request under FOIA within 20 business days of receiving the request, 5 U.S.C. § 552(a)(6)(A)(i), or within 30 business days if the agency determines that unusual circumstances apply.  5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Treasury has failed to make initial determinations with respect to Plaintiff's requests within the timeframe set by FOIA, and Plaintiff is therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

# FACTS

### A. The 02-168 Request

8. On February 26, 2018, ProPublica and its reporter Paul Kiel submitted a FOIA request to Treasury (2018-02-168) (the "02-168 Request") seeking: "[C]opies of correspondence involving former Deputy Assistant Secretary (Tax Policy) Dana Trier." The 02-168 Request sought records for the time period of December 2017 to February 2018.

9. Treasury acknowledged the 02-168 Request on March 9, 2018. It further claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days.

10. In correspondence over the next few days, Mr. Kiel agreed to narrow the request to: (1) "correspondence actually authored by Mr. Trier," and (2) "discussions of the new tax law passed by Congress in December 2017, The Tax Cuts and Jobs Act."

11. More than a year later, on March 20, 2019, counsel for ProPublica again confirmed to Treasury the terms of ProPublica's narrowed request.

12. No final determination has been issued, and no documents have been produced.

13. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

### B. The 11-026 Request

14. On November 5, 2018, ProPublica and its reporter Justin Elliott submitted a FOIA request to Treasury (2018-11-026) (the "11-026 Request") seeking:

> [A]ll records, including but not limited to notes (handwritten or digital), memos, transcripts and emails related to meetings between Treasury Secretary Steve Mnuchin and Sheldon Adelson on 5/16/17 and 6/19/17.
>
> This request covers records, including emails or other correspondence, dated between 5/6/17 and 5/19/17 as well as between 6/9/17 and 6/22/17.

3

> The request includes, but is not limited to, records with the words "Sheldon", "Adelson", or "Sands." The request includes but is not limited to records sent or received by Steve Mnuchin, and Chief of Staff Eli Miller.

15. The 11-026 Request further noted that meetings between Secretary Mnuchin and Mr. Adelson were disclosed on the Secretary's public calendars.

16. The 11-026 Request also requested expedited processing and provided justifications for expedited treatment.

17. On November 9, 2018, Treasury acknowledged the request. Treasury claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days. Treasury further granted ProPublica's request for expedited processing.

18. No final determination has been issued, and no documents have been produced.

19. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

C. **The 11-037 Request**

20. On November 6, 2018, ProPublica and its reporter Mr. Elliott submitted a FOIA request to Treasury (2018-11-037) (the "11-037 Request") seeking:

> [A]ll calendars dated between May 1, 2017, and January 31, 2018, for the following Treasury officials (several of whom have since left the department):
>
> Matthew Kellogg – Deputy Assistant Secretary for Banking and Finance, Office of Legislative Affairs
> Drew Maloney – Assistant Secretary for Legislative Affairs
> Bradley Bailey – Deputy Assistant Secretary for Legislative Affairs
> Tony Sayegh – Assistant Secretary for Public Affairs
> Justin Muzinich – Counselor to the Secretary
> Daniel Kowalski – Counselor to the secretary
> James Mackie – Director, Office of Tax Analysis
> Thomas West – Tax Legislative Counsel

4

  LG "Chip" Harter – Deputy Assistant Secretary (International Tax
  Affairs)
  Doug Poms – International Tax Counsel
  Austin Bramwell – Senior Advisor in the Office of Tax Policy.

21. The 11-037 Request also requested expedited processing and provided justifications for expedited treatment.

22. On November 9, 2018, Treasury acknowledged the request. Treasury claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days. Treasury further granted ProPublica's request for expedited processing.

23. No final determination has been issued, and no documents have been produced.

24. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

  **D.**  **The 11-038 Request**

25. On November 6, 2018, ProPublica and its reporter Mr. Elliott submitted a FOIA request to Treasury (2018-11-038) (the "11-038 Request") seeking:

> [A]ll emails dated between May 1, 2017, and January 31, 2018, between (to or from) the following Treasury officials
>
> - LG "Chip" Harter – Deputy Assistant Secretary (International Tax Affairs)
> - Doug Poms – International Tax Counsel
>
> and the following outside lobbyists
>
> - Lisa Zarlenga, Steptoe & Johnson
> - Darryl Nirenberg, Steptoe & Johnson
> - Cameron Arterton, Steptoe & Johnson.

26. The 11-038 Request also requested expedited processing and provided justifications for expedited treatment.

5

27. On November 14, 2018, Treasury acknowledged the request. Treasury claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days. Treasury further granted ProPublica's request for expedited processing.

28. No final determination has been issued, and no documents have been produced.

29. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

E. **The 12-034 Request**

30. On December 7, 2018, ProPublica and its reporter Mr. Elliott submitted a FOIA request to Treasury (2018-12-034) (the "12-034 Request") seeking:

> [A]ll emails dated between Oct 15, 2017 and January 31, 2018, between (to or from) the following Treasury officials
>
>   - Steve Mnuchin, Treasury Secretary
>   - Justin Muzinich, Counselor to the Secretary
>   - David Kautter, Assistant Secretary (Tax Policy)
>   - Thomas West, Tax Legislative Counsel
>   - Drew Maloney, Assistant Secretary for Legislative Affairs
>
> and the following outside lobbyists or executives:
>
>   - Nick Giordano, Ernst & Young (nick.giordano@ey.com)
>   - Gary Gasper, Ernst & Young (gary.gasper@ey.com)
>   - Weston "Wes" Coulam, Ernst & Young (wes.coulam@ey.com)
>   - Stephen Francis, Ernst & Young (email address not known)
>   - any person with the email domain "bechtel.com."

31. The 12-034 Request also requested expedited processing and provided justifications for expedited treatment.

32. On December 14, 2018, Treasury acknowledged the request. Treasury claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days. Treasury further denied ProPublica's request for expedited processing.

6

33. On January 11, 2019, ProPublica filed an administrative appeal of the denial of expedited processing.

34. On January 24, 2019, Treasury granted the appeal and approved expedited processing.

35. No final determination has been issued, and no documents have been produced.

36. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

    **F.**    **The 12-101 Request**

37. On December 20, 2018 and December 21, 2018, ProPublica and its reporter Mr. Elliott submitted three FOIA requests to Treasury seeking certain email correspondence. These requests also requested expedited processing and provided justifications for expedited treatment.

38. On January 22, 2019, Treasury acknowledged the submissions and consolidated them into a single request (2018-12-101) (the "12-101 Request"). Treasury further claimed that "unusual circumstances" applied, justifying an additional processing extension of ten days. Treasury also denied ProPublica's request for expedited processing.

39. As consolidated by Treasury, the 12-101 Request seeks:

> [A]ll emails dated between Oct 15, 2017 and January 31, 2018, between (to or from) the following Treasury officials:
>
> - Steve Mnuchin, Treasury Secretary
> - Justin Muzinich, Counselor to the Secretary
> - Dan Kowalski, Counselor to the Secretary
> - David Kautter, Assistant Secretary (Tax Policy)
> - Thomas West, Tax Legislative Counsel
> - Krishna Vallabhaneni, Deputy Tax Legislative Counsel
> - Drew Maloney, Assistant Secretary for Legislative Affairs
> - Audrey Ellis, attorney-adviser, Office of Tax Legislative Counsel

containing any of the following terms:

- "199A"
- "real estate"
- "limitation."

[A]ll emails dated between Oct 15, 2017 and January 31, 2018, between (to or from) the following Treasury officials:

- Steve Mnuchin, Treasury Secretary
- Justin Muzinich, Counselor to the Secretary
- Dan Kowalski, Counselor to the Secretary
- David Kautter, Assistant Secretary (Tax Policy)
- Thomas West, Tax Legislative Counsel
- Krishna Vallabhaneni, Deputy Tax Legislative Counsel
- Drew Maloney, Assistant Secretary for Legislative Affairs

containing any of the following terms:

- "stadium"
- "stadiums"
- "1061"
- "carried interest."

40. On January 22, 2019, ProPublica filed an administrative appeal of the denial of expedited processing.

41. On January 24, 2019, Treasury granted the appeal and approved expedited processing.

42. No final determination has been issued, and no documents have been produced.

43. Treasury has failed to issue a response to the request within 20 business days (or 30 days for situations involving unusual circumstances), as required under FOIA. *See* 5 U.S.C. § 552(a)(6).

## COUNT I (As to the 02-168 Request)

44. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

8

45. Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

46. Treasury has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances). *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

47. Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

48. Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

## COUNT I1 (As to the 11-026 Request)

49. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

50. Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

51. Treasury has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances). *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

52. Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

53.     Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

### **COUNT III (As to the 11-037 Request)**

54.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55.     Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

56.     Treasury has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances). *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

57.     Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

58.     Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

### **COUNT IV (As to the 11-038 Request)**

59.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

60.     Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

61. Treasury has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances). *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

62. Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

63. Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

## COUNT V (As to the 12-034 Request)

64. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

65. Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

66. Treasury has failed to act on Plaintiff' request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances). *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

67. Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

68. Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

## COUNT VI (As to the 12-101 Request)

69.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

70.     Defendant Treasury is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

71.     Treasury has failed to act on Plaintiff's request within 20 business days as required by FOIA (or 30 business days on its claimed basis of unusual circumstances).  *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

72.     Treasury has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

73.     Accordingly, Plaintiff is entitled to an order compelling Treasury to produce records responsive to its FOIA request.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

74.     Declare that the documents sought by their FOIA requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

75.     Order Treasury to provide the requested documents to Plaintiff within 20 business days of the Court's order;

76.     Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

77.     Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 17, 2019

                                                                                        /s/
                                             Jeremy A. Kutner, Esq.
                                             Deputy General Counsel
                                             ProPublica
                                             155 Avenue of the Americas, 13th Floor
                                             New York, NY 10013
                                             Phone: (917) 512-0218
                                             Fax: (212) 785-2634
                                             E-mail: jeremy.kutner@propublica.org
                                             *Counsel for Plaintiff*