**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 1, 2019

Via ECF
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Pro Publica, Inc. v. U.S. Department of the Treasury*, 19 Civ. 3407 (LGS)

Dear Judge Schofield:

      This Office represents defendant the United States Department of the Treasury ("Treasury") in the above-referenced case brought by plaintiff Pro Publica, Inc. ("ProPublica" or "Plaintiff") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  I write respectfully on behalf of both parties pursuant to the Court's orders dated May 2 and June 13, 2019, Dkt. Nos. 6, 12, in advance of the initial pre-trial conference scheduled for August 8, 2019, at 10:30 a.m.

      Because this is an action brought pursuant to FOIA, which in essence seeks review of agency action, the parties respectfully submit that pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and 26(f), this action is exempt from initial disclosures and the 26(f) conference and report.  In addition, the parties understand that pursuant to Local Civil Rule 16.1, this FOIA action is exempt from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b).  Accordingly, the parties respectfully request to be relieved from the obligation under the Court's May 2 order to provide a case management plan in this matter, which we understand to be designed to fulfill that requirement.  Moreover, the parties respectfully submit that such a scheduling order is unnecessary because the parties expect that this matter, like most FOIA matters, will be resolved either consensually by the parties or through motions for summary judgment without discovery.  *See Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).[1]

      The parties submit the following information, pursuant to the Court's initial conference order:

      1.  **Brief statement of the case.**  This is an action under FOIA, seeking the production of documents that Plaintiff requested from Treasury in six FOIA requests, as consolidated (the

---

[1] One issue that the Court's Civil Case Management Plan and Scheduling Order addresses that does not relate to a discovery schedule is whether the parties consent to conducting all further proceedings before a U.S. Magistrate Judge.  The parties do not so consent.

"Requests"). One of the Requests was made in February 2018; the remainder were made in November and December 2018.

Treasury anticipates that, in processing any responsive records, it may invoke FOIA exemptions under 5 U.S.C. § 552(b), including but not limited to exemption 6, which protects records and information whose disclosure could invade personal privacy, and exemption 5, which protects deliberative and otherwise privileged agency communications. Treasury's search for records responsive to the Requests and the propriety of FOIA withholdings will likely be the central issues in dispositive motions, if the action is not resolved consensually.

2. **Basis of subject matter jurisdiction and venue.** Plaintiff alleges in the complaint that jurisdiction and venue are proper in this Court under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), on the ground that ProPublica's principal place of business is in this district. Dkt. No. 1 (Compl.) ¶¶ 3, 5.

3. **Motions.** There are no pending motions or applications expected to be made at this time. The parties anticipate that once production of responsive records is completed, summary judgment motions concerning Treasury's response to the Requests and/or assertion of FOIA exemptions may be necessary to resolve the action, if it is not resolved consensually.

4. **Discovery.** No discovery has taken place in this matter. Because this is a FOIA case, discovery is "generally . . . unnecessary," *Carney*, 19 F.3d at 812, and the parties do not anticipate engaging in any discovery at this time.

5. **Damages.** Plaintiff does not seek damages in this case, and in any event "FOIA does not permit monetary damages." *Cavezza v. DOJ*, 113 F. Supp. 3d 271, 277 (D.D.C. 2015); *see* 5 U.S.C. § 552(a)(4)(B). Plaintiff may seek attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E).

6. **Settlement discussions.** The parties have conferred and agreed upon certain ways to limit the scope of some of the Requests, both at the administrative phase and after the filing of this suit. The parties anticipate that they will engage in further discussions to clarify the scope of the Requests and to discuss the schedule for Treasury to process records responsive to the Requests as the case proceeds.

7. **Present status.** On July 25, 2019, Treasury released records and issued final responses as to two of ProPublica's Requests, numbered 2018-11-038 and 2018-12-034. Treasury is in the process of conducting searches and gathering records potentially responsive the remaining Requests at issue in this action.

Since the filing of this action, the parties have conferred a number of times about the scope of the Requests and ProPublica's prioritization of records responsive to the Requests. At this time, the parties are conferring regarding ProPublica's Request numbered 2018-12-101 to determine whether initial search results can be further refined, and also have begun conferring regarding the Requests numbered 2018-11-026 and 2018-11-037. The parties anticipate that, as Treasury's search and review efforts progress, they will continue to discuss ways to focus the

scope of the remaining Requests to streamline further productions of any responsive, non-FOIA-exempt records that Treasury identifies.

Accordingly, the parties respectfully propose to provide the Court with a status update regarding their progress as to the remaining Requests in 60 days.  In the interim, the parties will endeavor to make progress in the search for and review of records responsive to the Requests.

If the Court adopts the parties' proposed schedule, the parties respectfully submit that an initial conference is not necessary at this time, and that the August 8 conference may be adjourned *sine die*.  (Of course, if the Court prefers to see counsel in person, we are prepared to attend the conference set for August 8.)  If the parties are unable to resolve a dispute that arises in the course of the response to the Requests, they will promptly present their respective positions to the Court for resolution.

The parties thank the Court for its consideration of this matter.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By:    /s/ Samuel Dolinger
        SAMUEL DOLINGER
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2677
        E-mail: samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)